NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIK SCOTT MALONEY,

Plaintiff-Appellant,

v.

CHARLES L. RYAN, Director at Arizona
Department of Corrections; et al.,

Defendants-Appellees.

No. 15-16898

D.C. No. 2:13-cv-00314-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted September 21, 2017[**]

Before:     SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Arizona state prisoner Erik Scott Maloney appeals pro se from the district

court's judgment in his action brought under 42 U.S.C. § 1983 and the Religious

Land Use and Institutionalized Persons Act ("RLUIPA") alleging that defendants

interfered with the practice of his religion.  We have jurisdiction under 28 U.S.C.

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005) (judgment on the pleadings under Fed. R. Civ. P. 12(c)); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Maloney's RLUIPA claim stemming from the prison's book policy because Maloney failed to allege facts sufficient to show that the policy placed a substantial burden on Maloney's religious exercise. *See Walker v. Beard*, 789 F.3d 1125, 1134-37 (9th Cir. 2015) (elements of a RLUIPA claim); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (a limitation of religious practice "must impose a significantly great restriction or onus upon such exercise").

The district court properly dismissed on the basis of qualified immunity Maloney's requests for damages on his claims stemming from the provision of breakfast after dawn, but before sunrise, during Ramadan. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (an official violates clearly established law only if, at the time of the challenged conduct, the right's contours were sufficiently clear

that every reasonable official would have understood that he was violating it); *see also Saucier v. Katz*, 533 U.S. 194, 205 (2001) (even where defendants are mistaken as to what the law requires, defendants are entitled to qualified immunity where that mistake is reasonable under the circumstances), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The district court properly concluded that Maloney's requests for injunctive relief on his claims stemming from the provision of breakfast were moot because defendants voluntarily changed the allegedly infringing policy. *See Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014) (setting forth factors for evaluating whether defendants' voluntary cessation of behavior has rendered a case moot).

To the extent that Maloney sought to raise a Fourteenth Amendment claim stemming from the provision of breakfast, this claim is subsumed in the claims discussed above.

Summary judgment on Maloney's Eighth Amendment claim stemming from defendant Mason's alleged deprivation of lunch meals over a three-day period was proper because Maloney failed to raise a genuine dispute of material fact as to whether Mason acted with deliberate indifference to his dietary needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to establish an Eighth Amendment claim, a

prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *see also Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (holding that the sustained deprivation of food can be cruel and unusual punishment).

To the extent that Maloney sought to bring a claim that defendants violated his rights under RLUIPA by preventing Islamic inmates from engaging in a group prayer before beginning their fast, Maloney did not adequately raise that claim in the district court as an independent claim. As a result, we agree with the government that this claim is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

The district court did not abuse its discretion by denying Maloney's discovery motions because Maloney has not shown that he suffered any prejudice as a result of the denial. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review and actual prejudice requirement).

**AFFIRMED.**